(105 So. 254)

No. 27027.

**WHITE et al. v. CITY OF GRETNA.**

**In re CITY OF GRETNA.**

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Costs ☞32(1)—Costs follow result of suit, especially where not brought in good faith or party cast chargeable with laches.**

Generally, costs are an incident of judgment and follow result of suit, especially when it appears that suit was not brought in good faith, or provoked useless litigation, or where party cast is chargeable with laches.

2. **Costs ☞224—Appellate courts clothed with discretion in taxing costs.**

Under Act No. 229 of 1910, § 2, the appellate courts are clothed with discretion in matter of taxing of costs of litigation.

3. **Costs ☞57, 230—Plaintiffs, obtaining preliminary injunction, which was suspended by the Supreme Court, no judgment being rendered on merits, taxed with costs in both courts.**

Where plaintiffs sued to enjoin election to be held under Act No. 46 of 1921, with reference to proposed bond issue by defendant, obtained ex parte injunction, which was suspended by Supreme Court, but no judgment was rendered, either on rule to dissolve or on the merits, *held* that, as defendant obtained preliminary relief through order of Supreme Court, plaintiffs will be taxed with costs in both courts.

4. **Costs ☞57—Plaintiffs, obtaining preliminary injunction without notice, held taxable with costs.**

Where plaintiffs sued to enjoin municipal bond election to be held under Act No. 46 of 1921, and obtained preliminary injunction without notice, *held* that they would not have been immediately and irreparably injured by holding of election, and under Act No. 29 of 1924, were not entitled to injunction without notice, and hence would be taxed with costs.

Suit by William R. White and George C. Higgins against the City of Gretna, wherein a preliminary injunction was granted without notice, and defendant applied for writs of certiorari, mandamus, and prohibition. On separate motions by both parties for dismissal and for costs. Order recalled, application for writs of certiorari, mandamus, and prohibition dismissed, and respondents taxed with costs.

L. H. Gosserand, of New Orleans, for relator.

A. T. Higgins, of New Orleans, for respondents.

BRUNOT, J. The city of Gretna adopted ordinance No. 262, providing for the calling

and holding of a special election to ascertain the will of the taxpayers with reference to a proposed bond issue.

The election was called pursuant to the provisions of the ordinance, and was to be held upon a fixed date, when, upon the application of the plaintiffs, White and Higgins, the judge of the Twenty-Fourth judicial district, without notice to the defendant, city of Gretna, issued the following order:

"Let preliminary writs of injunction issue herein * * * restraining and prohibiting the mayor and board of aldermen of the city of Gretna and the city of Gretna from proceeding any further and in any manner with the execution of Ordinance No. 262, adopted at a regular meeting of the mayor and board of aldermen of the city of Gretna on December 22d, 1924, which said ordinance provides for the calling and holding of a special election to vote a special bond issue to defray the expenses of installing an electric light plant and system in the city of Gretna, until further orders of this court."

The defendant city ruled the plaintiffs into court to show cause why the preliminary injunction should not be dissolved. The hearing of the rule was fixed for January 7, 1925, but on that date the return day was extended. Thereupon, on the relation of the city of Gretna, this court issued a writ of certiorari, suspended the preliminary injunction, directed the holding of the election, and ordered the district judge and the plaintiffs in the suit in the district court to show cause why the relief prayed for by relator should not be granted. Following the issuance of this court's order, the election was held, and all of the issues presented by relator's application for writs of certiorari, mandamus, and prohibition were disposed of by the promulgation of the result of the election. Relator and respondents have filed separate motions in which the facts are presented to this court and in which each prays for the dismissal of these proceedings and for the costs thereof.

[1,2] It is the general rule that costs are an incident of the judgment and follow the result of the suit. The rule invariably applies when it appears that the suit was not brought in good faith; or where it presents a groundless application; or provokes a useless litigation; or where the party cast is chargeable with laches. In this state there is a statutory provision clothing the appellate courts with discretion in the matter of taxing all of the costs of litigation. Section 2 of Act No. 229 of 1910 is as follows:

"That all appellate courts of this state shall have the power to tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be deemed equitable."

[3] In this matter no judgment was rendered by the district judge either upon the rule to dissolve or upon the merits. In fact, there was no hearing upon either. The district judge did nothing more than issue an ex parte order, the effect of which this court suspended. There being no decree upon which costs would follow as an incident thereof, and relator having obtained preliminary relief through the order of this court, we are of the opinion that respondents William R. White and George C. Higgins should be taxed with the costs in both courts.

[4] In addition to the foregoing there are other reasons for so holding, viz. the facts alleged in the verified petition for injunction filed in the district court do not, in our opinion, bring the application of plaintiff within the terms of Act No. 29 of 1924, requiring a satisfactory showing that immediate and irreparable injury, loss, or damage would result to applicants before notice of the application could be served and a hearing had thereon as a condition precedent to the issuance of a restraining order without notice.

The petition for injunction was filed and the order granting a preliminary injunction

issued on December 30, 1924. The special election was called for January 15, 1925. Fifteen clear days intervened between the date of the order and the date of the election.

The pertinent part of Act No. 29 of 1924 is as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, that hereafter no writ of injunction shall be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity given for hearing of the opposite party.

"Section 2. That upon an application being made to the court for a preliminary writ of injunction, the court, if a proper case be shown by the petition for the issuance of the writ, shall order the defendant to show cause on a date and hour fixed, not less than two or more than ten days after the service of the order, why a preliminary writ of injunction should not issue," etc.

We think 15 days was ample time for service of the required notice, for the hearing thereof, and for action thereon.

Plaintiffs sued to enjoin an election to be held under the provisions of Act No. 46 of 1921. Section 43 of this act provides as follows:

"For a period of sixty days from the date of the promulgation of the result of any election held under the provisions of this act, any person in interest shall have the right to contest the legality thereof, the bond issue provided for, or the tax authorized for any cause," etc.

This provision of Act No. 46 of 1921 makes it perfectly clear that the plaintiffs in the district court and respondents here could not, under any conceivable circumstances, have been immediately and irreparably injured by the holding of the election they sought to enjoin. They should therefore be mulcted with the costs in both courts. For these reasons the order of this court issued herein is recalled, and the application for writs of certiorari, mandamus, and prohibition is dismissed; respondents to pay the costs in both courts.